ALONZO HALL, petitioner, *vs.* COUNTY COMMISIONERS.

*Distinction between town and private ways.* R. S., c. 18, § 18.

A town way may be laid out on the petition of an inhabitant, whether he is an owner or occupier of land or not; but a private way can only be laid out either for residents who occupy, or non-residents who own, cultivated land which such way will connect with a town or county road.

ON FACTS AGREED.

PETITION for *certiorari*, to quash the proceedings of the county commissioners of Lincoln county in locating a private way from one county road to another county road in the town of Newcastle. Upon the twelfth day of September, 1872, Wilmot G. Shattuck and eleven others, inhabitants of Newcastle, petitioned the select-men of that town to lay out either a town way or private way for their use and benefit over the land of Mr. Hall, so as to connect the two county roads and thereby facilitate the passage of the petition-ers from their residences to cultivated lands not connected there-with, which the selectmen refused to do, and application was then made to the county commissioners, Oct. 11, 1872, who located and established a private way, as prayed for, for the use and benefit of the petitioners and at their expense, from county road to county

road, wholly across the land of Mr. Hall, as appears from the accompanying plan.

It will be seen that the county ways divide the lands of Mr. Shattuck from this private way, and that none of the petitioners owned land adjoining it.  Mr. Hall resisted the petition at every stage of the proceedings which he now claims were illegal, in that the original petition does not state that any of the petitioners owned land under improvement from which said private way

leads to a town way or highway, and that such is not the fact, and the whole record discloses that the county commissioners had no jurisdiction.

*Benj. F. Smith,* for the petitioner for *certiorari.*

*Gould & Moore,* for the respondents.

PETERS, J. The question presented here was not necessarily involved in the decision of the case of *Orrington v. Co. Coms.,* 51 Maine, 570, cited by the respondents. The point settled by the result in that case was, that a town way could be laid out upon a petition of inhabitants of the town, whether the way leads from cultivated land owned by such inhabitants or not. The distinction drawn in the separate opinion in the case delivered by Kent, J., is, in our opinion, a correct one. A town way may be laid out on the petition of inhabitants whether land owners, or occupiers of land, or not; because a town way will be for all the inhabitants of a town who may have occasion to use it. But a private way can only be laid out in a town either for residents who occupy, or non-residents who own, cultivated land therein; and, in such case, the private way, which is for the exclusive use of such occupiers or owners, must of course lead from land so occupied or owned to a town or county road. The very object of a private, in contradistinction from a town way, is to provide a communication into the general channels of passage in a town for those only, whose lands are otherwise shut out from a connection therewith. How can a way be regarded as laid out for any one inhabitant, any more than for all the inhabitants of a town, when it does not connect land owned or occupied by him with some other road or way?

In this case the private way, as laid out, merely connects two county roads. It is not laid across either of them, but only to them; nor could it be, as one way could not be laid over another. It begins and ends upon the land of none of the petitioners. Nor

does it appear but that they are already well accommodated with access to their lands by the public ways.

R. S., c. 18, § 18, is blindly comprehensive. . Punctuated as follows, and its real as well as grammatical construction would more clearly appear: "The municipal officers of towns may personally, or by agency, lay out, alter, or widen town ways, (and private ways for one or more of its inhabitants or for owners of cultivated land therein) on petition therefor." That is, on petition therefor, they may lay out a town way for the town, or a private way for any inhabitant or owner of cultivated land therein, where such inhabitant occupies, or such owner has, cultivated land in the town which such way will connect with some town or county road.

*Writ granted.*

APPLETON, C. J., CUTTING, DICKERSON, DANFORTH and VIRGIN, JJ., concurred.